(152 App. Div. 775.)

CROWLEY v. AMERICAN DRUGGISTS' SYNDICATE.

(Supreme Court, Appellate Division, Second Department.  October 11, 1912.)

MASTER AND SERVANT (§ 95*)—INJURIES TO MINOR—DEFECTIVE MACHINERY.
   Where the evidence showed that a girl 15 years old, without an employment certificate, was injured by defects in machinery, the master was liable.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 141, 160; Dec. Dig. § 95.*]
   Burr and Carr, JJ., dissenting

Appeal from Trial Term, Queens County.

Action by Annie M. Crowley, an infant, by Michael Crowley, her guardian ad litem, against the American Druggists' Syndicate. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

Stephen P. Anderton, of New York City (S. Stanwood Menken and William J. Grace, both of New York City, on the brief), for appellant.

John B. Merrill, of Long Island City, for respondent.

RICH, J. This appeal is from a judgment in favor of the plaintiff, and from the order denying defendant's motion for a new trial, in an action for negligence. It appears that the plaintiff, a little girl under 15 years of age, was employed by defendant to operate a machine used to form and fasten pasteboard boxes. Upon the trial it was shown by satisfactory evidence, which the jury believed, that plaintiff was employed without having obtained an employment certificate, and that the defendant furnished an unsafe and defective machine for her to operate, and that the accident occurred in consequence of its defective condition. The question as to whether defendant was justified in

believing that plaintiff was 16 years of age was submitted to the jury, who have found the defendant negligent and the plaintiff free from contributory negligence.

The verdict is not excessive, and the judgment and order must be affirmed, with costs.

HIRSCHBERG and THOMAS, JJ., concur.

BURR, J. I dissent. Plaintiff, whose testimony is uncorroborated, is clearly a discredited witness. But, assuming her testimony to be true, she was guilty of contributory negligence. She knew that the plunger sometimes repeated when her foot was not on the treadle. She knew that, if it came down when her hand was on the anvil, she would be hurt. Notwithstanding this, she deliberately placed her hand on the anvil, in order to remove a box which had caught, when she could have used a hook, which had been furnished for the purpose of removing boxes under such circumstances, and which was there convenient to her use.

CARR, J., concurs.